**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**


TIA L. ROSE,                                              3:13-CV-01954-BR

          Plaintiff,                            OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

          Defendant.


**TIM WILBORN**
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV 89137

          Attorney for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 – OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**BENJAMIN J. GROEBNER**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

       Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Tia Rose seeks judicial review of a final decision of the Commissioner of the Social Security Administration in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

    Plaintiff filed for SSI on August 18, 2010, alleging a disability onset date of February 18, 2006.  Tr. 152-55.[1]  The application was denied initially and on reconsideration.

---

[1] Citations to the official transcript of record filed by the Commissioner on April 2, 2014 are referred to as "Tr."

Tr. 59-88.  Plaintiff requested a hearing before an

Administrative Law Judge (ALJ) on March 10, 2011.  Tr. 96-99.  A

hearing was held before ALJ Richard Say on July 24, 2012.

Tr. 32-58.  At the hearing the ALJ heard testimony from

Plaintiff and from vocational expert (VE) Thomas Weiford.

Tr. 32-58.

On August 3, 2012, the ALJ issued a decision in

which he found Plaintiff is not disabled.  Tr. 18-27.  Pursuant

to 20 C.F.R. § 404.984(d), that decision became the final

decision of the Commissioner on September 19, 2013, when the

Appeals Council denied Plaintiff's request for review.  Tr. 1-3.

## BACKGROUND

Plaintiff was born in January 1971 and was 40 years old at

the time of the hearing.  Tr. 32-55, 152.  She completed the

eleventh grade and speaks English.  Tr. 36, 169.  Plaintiff has

not worked since 2003 and has past relevant work experience as a

certified nursing assistant (CNA) and as a Keno attendant.

Tr. 169.  She alleges disability due to chronic back pain, nerve

pain in both legs, diabetes, and thyroid issues.  Tr. 168.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence]

but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

5 – OPINION AND ORDER

At Step Two the claimant is not disabled if the

Commissioner determines the claimant does not have any medically

severe impairment or combination of impairments.  20 C.F.R.

§ 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner

determines the claimant's impairments meet or equal one of the

listed impairments that the Commissioner acknowledges are so

severe as to preclude substantial gainful activity.  20 C.F.R.

§ 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The

criteria for the listed impairments, known as Listings, are

enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed

Impairments).

If the Commissioner proceeds beyond Step Three, she must

assess the claimant's residual functional capacity (RFC).  The

claimant's RFC is an assessment of the sustained, work-related

physical and mental activities the claimant can still do on a

regular and continuing basis despite her limitations.  20 C.F.R.

§ 416.920(e). *See also* Social Security Ruling (SSR) 96-8p.  "A

'regular and continuing basis' means 8 hours a day, for 5 days a

week, or an equivalent schedule." SSR 96-8p, at *1.  In other

words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since the application date of August 18, 2010.  Tr. 20.

At Step Two the ALJ found Plaintiff has severe impairments related to cervical and lumbar degenerative disc disease and a "left Achilles tendon rupture post-debridement and repair." Tr. 20.

At Step Three the ALJ concluded Plaintiff's impairments do not medically equal the criteria for Listed Impairments under 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 21.  The ALJ found Plaintiff has the RFC to perform light-exertional work with the following limitations:  She can occasionally climb ladders, ropes, and scaffolds; she can occasionally stoop, kneel, crouch, crawl, reach overhead, and operate foot controls with her left leg; and she must avoid concentrated exposure to vibration and hazards.  Tr. 21.

At Step Five the ALJ concluded Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including cashier and fast-food worker. Tr. 27.  Accordingly, the ALJ concluded Plaintiff is not disabled.  Tr. 27.

8 - OPINION AND ORDER

## DISCUSSION

Plaintiff contends the ALJ erred by (1) rejecting the medical opinion of John Ellison, M.D.; (2) rejecting Plaintiff's credibility; and (3) improperly evaluating the lay testimony of Judy Bain.

## I.    Medical Opinion of John Ellison, M.D.

Plaintiff first argues the ALJ erred in his evaluation of the medical evidence.

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).  The Ninth Circuit distinguishes between the opinions of treating, examining, and nonexamining physicians.  The opinion of a treating physician is generally accorded greater weight than the opinion of an examining physician, and the opinion of an examining physician is accorded greater weight than the opinion of a nonexamining physician.  *Lester*, 81 F.3d at 830.  An uncontradicted treating physician's opinion can be rejected only for "clear and convincing" reasons.  *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).  In contrast, if the opinion of an examining physician is contradicted by another physician's

opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). An ALJ may also discount a medical source's opinion that is inconsistent with the source's other findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). It is legal error to ignore an examining physician's medical opinion without providing reasons for doing so, and an ALJ effectively rejects an opinion when he ignores it. *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996).

Dr. Ellison performed a consultative evaluation of Plaintiff on October 23, 2010. Tr. 305. He noted Plaintiff has a history of low-back pain, had pain when bending, and could lift and carry about 20 pounds. Tr. 305. Dr. Ellison also noted decreased range of motion in Plaintiff's lumbar spine and tenderness in the mid-lumbar area. Tr. 306. Dr. Ellison found

Plaintiff suffers from chronic low-back pain, well-controlled diabetes, and chronic depression.  Tr. 307.

The ALJ gave great weight to Dr. Ellison's opinion and found his opinion is compatible with Plaintif's RFC.  Tr. 23. Plaintiff contests this finding.  She argues Dr. Ellison's limitation that Plaintiff is unable to sit or to stand for more than 15 minutes at a time or to walk more than two blocks is incompatible with the ALJ's evaluation of Plaintiff's RFC and his conclusion that Plaintiff can perform light-exertional work. Pl.'s Op. Br. 10 (citing Tr. 305).

The Commissioner, however, argues the sit/stand and walking limitations described above were not, in fact, part of Dr. Ellison's opinion but instead reflect Plaintiff's self-reports regarding her history and limitations.  Def.'s Br. 3. *See also* Tr. 305.

After reviewing Dr. Ellison's report, the Court concludes the alleged limitations were merely a record of Plaintiff's self-reports because they appear in a section distinct from that reserved for Dr. Ellison's own assessment and diagnoses. *Compare* Tr. 305 and 307.  As discussed below, the ALJ rejected Plaintiff's testimony as not credible.

11 – OPINION AND ORDER

Dr. Ellison recorded Plaintiff's alleged sitting and standing limitations after asking her to describe how her conditions affected her activities of daily living.  The limitations that Dr. Ellison recorded, therefore, were, in effect, a record of Plaintiff's subjective reports, and it was reasonable for the ALJ to reject them based on the record after he found Plaintiff's testimony was not credible.  *See Bray*, 554 F.3d at 1228.

On this record the Court finds the ALJ did not err when he rejected Plaintiff's alleged sit/stand limitations as they appeared in Dr. Ellison's report because those limitations did not constitute part of Dr. Ellison's medical opinion.

## II.  Plaintiff's Credibility

Plaintiff next argues the ALJ failed to give clear and convincing reasons for rejecting her testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not

produce objective medical evidence of the actual symptoms or
their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not
any affirmative evidence of malingering, the ALJ can reject the
claimant's pain testimony only if he provides clear and
convincing reasons for doing so.  *Parra v. Astrue*, 481 F.3d 742,
750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th
Cir. 1995).  General assertions that the claimant's testimony is
not credible are insufficient.  *Id*.  The ALJ must identify "what
testimony is not credible and what evidence undermines the
claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

Plaintiff testified she has not worked since 2003 due to
back pain and other limitations.  Tr. 37.  She stated she has
suffered from back pain since she was injured in a car accident
and also has pain in her left Achilles tendon.  Tr. 38.
Plaintiff testified she has difficulty finding transportation;
difficulty walking; and numbness in her fingers, which causes
her to drop objects.  Tr. 39, 44.  She testified she could sit
for 15 minutes at a time, stand for 15 minutes at a time, and
walk about a block and a half.  Tr. 40.  Plaintiff also stated
she suffers from poor sleep, diabetes, anxiety, and depression.
Tr. 42-43.

The ALJ found Plaintiff's testimony regarding her symptoms and limitations was not fully credible.  Tr. 25.  First, the ALJ found Plaintiff's daily activities were inconsistent with the nature and severity of her alleged symptoms and limitations. Tr. 25.  A claimant's daily activities can provide a clear and convincing reason for rejecting her subjective symptom testimony when they conflict with that testimony.  *Molina*, 674 F.3d at 1113.  Here the record reflects Plaintiff engaged in activities that are arguably inconsistent with her alleged limitations. For example, Plaintiff reported shopping for groceries and doing housework.  Tr. 117, 305.  Plaintiff's mother also stated Plaintiff could perform housework, prepare meals, and go out for coffee with friends.  Tr. 185-87.  The ALJ reasonably inferred Plaintiff's level of activity conflicted with her testimony that she could sit for only 15 minutes at a time and walk only about a block and a half as well as her testimony that her fingers go numb after only ten minutes of use.  Tr. 40-41.  The ALJ, therefore, provided a clear and convincing reason for rejecting Plaintiff's subjective symptom testimony.  *See Molina*, 674 F.3d at 1113.

Second, the ALJ found Plaintiff's testimony was contradicted by the medical evidence.  Tr. 25.  Objective

medical evidence is a relevant consideration regarding a

claimant's credibility.  *Rollins v. Massanari*, 261 F.3d 853, 857

(9th Cir. 2001).  The ALJ specifically found the medical evidence

was consistent with the RFC and did not indicate Plaintiff was

as limited as she alleged.  For example, Plaintiff reported she

has difficulty using public transportation and that she cannot

take the bus because of "pain and falling."  Tr. 73.  At the

hearing, Plaintiff testified she had difficulty walking more

than a block and a half.  Tr. 40.  The medical evidence,

however, reveals Plaintiff's most recent MRI did not show

significant back problems that would lead to difficulty with

ambulation.  Tr. 317-18.  The medical evidence reflects upon

examination Plaintiff showed normal station and gait,

coordination, motor strength, muscle bulk, sensory responses,

and reflexes.  Tr. 322.  These findings contradict Plaintiff's

allegations regarding the nature and extent of her limitations,

and the ALJ properly considered them when he considered

Plaintiff's credibility.  *Rollins*, 261 F.3d at 857.

     Third, the ALJ found Plaintiff failed to comply with

treatment recommendations.  Tr. 25.  The ALJ may reject a

claimant's credibility if the claimant does not follow

prescribed treatment "and there are no good reasons for this

15 – OPINION AND ORDER

failure."  SSR 96-7p.  *See also Tommasetti*, 533 F.3d at 1039 (a

claimant's unexplained failure to follow a prescribed treatment

recommendation is a relevant credibility consideration).  Here

Plaintiff failed to pursue a "relatively straightforward"

spinal-fusion surgery to alleviate her low-back pain.  Tr. 25,

341.  Moreover, Plaintiff alleged disability primarily due to

low-back pain.  While the recommended spinal-fusion surgery was

not guaranteed to alleviate *all* of Plaintiff's symptoms

(Tr. 341), Plaintiff's failure to follow through with surgery

gives further weight to the ALJ's finding that Plaintiff's

testimony was not credible because it would have been "a very

appropriate course of action" to alleviate Plaintiff's allegedly

disabling low-back pain.  *Id.* (March 2011 letter from Dr. Pankaj

Gore, M.D., in which he stated he discussed the option of

spinal- fusion surgery with Plaintiff).

     Plaintiff, nevertheless, argues her failure to follow

through with back surgery was not a legally sufficient reason

for the ALJ to reject her testimony.  She states she did not

follow through with the recommendation because she first needed

to get her Achilles tendon repaired.  Plaintiff, however, in

fact, underwent Achilles-tendon surgery in March 2012, and, as

of the date of the ALJ's decision, there was not any record that

Plaintiff had pursued the recommended spinal-fusion surgery further.  The Court, therefore, rejects Plaintiff's argument.

Plaintiff also argues she was unable to pursue surgery because she was homeless and did not have adequate post-operative recovery space.  Pl.'s R. Br. 5.  The Court notes, however, that Plaintiff's Achilles-tendon surgery was successful despite some difficulty with a wet cast and Plaintiff's homelessness.  Although the Court appreciates the difficulty of Plaintiff's housing situation, the Court also notes Plaintiff was living in a motel as of May, 2011.  By the time of the hearing Plaintiff was living with her mother, and Plaintiff still had not undergone spinal-fusion surgery.  Tr. 22, 25. The Court, thus, finds it was reasonable for the ALJ to conclude that Plaintiff's failure to follow through with treatment recommendations was not supported by good reason.  *See* SSR 96-7p.

The Court, therefore, concludes on this record that the ALJ did not err when he found Plaintiff's testimony was not credible because the ALJ provided legally sufficient reasons supported by the record for doing so.  *See Ludwig*, 681 F.3d at 1051.

17 – OPINION AND ORDER

### III. Lay Testimony of Judy Bain

Finally, Plaintiff argues the ALJ improperly rejected the lay opinion of Plaintiff's mother, Judy Bain.

The ALJ must consider lay-witness testimony and is required to provide "germane reasons" when rejecting lay testimony. *Molina*, 674 F.3d at 1114.  The ALJ, however, is not required to address each witness "on an individualized witness-by-witness basis."  *Id*.  The ALJ also need "not clearly link his determination to" specific reasons for rejecting lay testimony as long as he cites "arguably germane reasons" for doing so. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Ms. Bain completed a third-party function report.  Tr. 183-90.  She reported Plaintiff was unable to stand for very long, walk very far, or lift very much weight.  Tr. 183-90.  She stated Plaintiff needed to rest after walking about half of a block and that she had difficulty lifting, squatting, bending, standing, reaching, walking, sitting, and kneeling.  Tr. 188.

The ALJ rejected Ms. Bain's testimony and gave it little weight because it was "not fully consistent with the information in the objective medical record."  Tr. 23.  Inconsistency with the medical record is a germane reason for rejecting lay-witness testimony.  *Bayliss*, 427 F.3d at 1218.  Because the medical

18 – OPINION AND ORDER

evidence conflicts with Ms. Bain's testimony, the Court is satisfied the ALJ met his burden to provide germane reasons for rejecting the lay-witness testimony.  *See Lewis*, 236 F.3d at 511.

On this record, therefore, the Court concludes the ALJ did not err when he rejected the lay-witness testimony because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.


## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 10th day of November, 2014.


/s/ Anna J. Brown
_____

ANNA J. BROWN
United States District Judge